IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD WRIGHT                                                                                    PLAINTIFF

v.                                            Case No. 6:14-CV-06115

SHERIFF ED HOLLINGSWORTH, Hots Springs County;
DEPUTY SHERIFF AMY MARTIN; and JOHN DOES 1-3                    DEFENDANTS

**OPINION AND ORDER**

      Currently before the Court are named Defendants' motion for summary judgment (Doc. 10) and supporting documents (Docs. 11-12) and Plaintiff Richard Wright's response (Doc. 13) and supporting documents (Docs. 14-15). For the reasons stated below, the Court finds that Defendants' motion for summary judgment should be GRANTED.

**I.     Background**

      This lawsuit arises out of an incident that occurred on May 16, 2013, on which date Plaintiff was involved in an argument with a member of his family, which Plaintiff alleges resulted in him being assaulted and beaten by a family member. After the alleged assault, Plaintiff allegedly believed that his wife may have been taken from their home by his son without her consent. He went to find his wife and located his wife and son at a Valero gas station. Plaintiff alleges that he was again attacked and assaulted by his son. An ambulance was called for Plaintiff, but he was arrested and booked into the Hot Springs County Detention Center. Plaintiff alleges that at the time of his arrest and booking he was bleeding from his ear and nose, complained of injuries to his ribs, and had an open wound on his leg. Plaintiff further alleges that he had pre-existing medical conditions that needed attention. Plaintiff alleges that no history was taken from the Plaintiff regarding his injuries,

health, or medical condition at the time of booking, and that he was not provided necessary medical treatment during the time of his incarceration from May 16 to May 20, 2013, despite repeated demands.  Plaintiff states that because of the failure to provide medical treatment and the unsanitary conditions of the detention center, he contracted a serious infection and his pre-existing PTSD was aggravated, requiring additional treatment upon his release.

Plaintiff filed his complaint on October 22, 2014, bringing claims against Sheriff Hollingsworth and Deputy Sheriff Amy Martin for failing in their duty to provide a safe, sanitary, and humane facility at the detention center.  He also brings claims against unidentified John Doe Defendants for failing to carry out their duties "jeopardizing the health and safety of the Plaintiff." (Doc. 1, ¶ 23).

## II.  Discussion

The party moving for summary judgment bears the burden of proving both the absence of a genuine issue of material fact and that the party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 742 (8th Cir. 2009).  The Court must review the facts in the light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts.  *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997).  "In order for there to be a 'genuine issue of material fact,' the evidence must be 'such that a reasonable jury could return a verdict for the nonmoving party.'" *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66-67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### A.    **Supervisory Liability for Hollingsworth and Martin**

"'Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "[A] supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Id*. (quotation omitted). In order to show that either the Sheriff or Deputy Sheriff violated his rights by failing to supervise some unidentified detention center officer, Wright must show that the official:

(1) Received notice of a pattern of unconstitutional acts committed by subordinates;

(2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;

(3) Failed to take sufficient remedial action; and

(4) That such failure proximately caused injury to [Wright].

*Id*. at 1002 (quotation omitted).

In his response to Defendants' motion for summary judgment, Wright argues only that "Defendant, Amie[1] Martin, was the individual responsible through the Hot Spring [sic] County Sheriff [sic] Department for the detention facility. The Sheriff had supervisory control and neither Defendant did anything to comply with the jail standards of the medical condition of the Plaintiff." (Doc. 14, p. 3).

Even when viewed in a light most favorable to Wright, the record reveals nothing to suggest that Hollingsworth or Martin had notice of a pattern of unconstitutional acts committed by their

---

[1] Ms. Martin's name is alternatively spelled "Amy" and "Amie" by Plaintiff.

subordinates. The record fails to raise a genuine issue as to whether, in this instance, Hollingsworth or Martin were even aware of any of Wright's alleged conditions or the alleged unsanitary condition of his cell, such that they could have taken any remedial action to avoid injury to Wright. Hollingsworth and Martin are therefore entitled to summary judgment as to any claim that Wright purports to bring against them for failure to supervise.

Furthermore, Wright does not allege that either Hollingsworth or Martin were personally involved in any way in the provision of medical care (or lack thereof) or maintenance of Wright's cell during the period of his brief incarceration. To the extent that Wright's claims against Hollingsworth or Martin are based on a theory that they failed to adequately train their subordinates, "a supervisor's failure to train an inferior officer may subject the superior to § 1983 liability in his individual capacity, where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. (quotation omitted). "The plaintiff must also prove that the alleged failure to train actually caused the constitutional deprivation." *Id*. (quotation omitted). As with a failure-to-supervise claim, a failure-to-train claim requires a plaintiff to show that a supervisor "was deliberately indifferent to or tacitly authorized the offending act[]. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)). Wright has made no such showing in this case or even raised an issue of fact as to any training procedures promulgated by Hollingsworth or Martin.

      **B.**    **Unconstitutional Policy or Custom: Hot Springs County**

It is not made clear in Plaintiff's complaint whether the claims against Defendants are made

against them in their individual and/or official capacities. To the extent that Wright brings a claim against any official in his or her official capacity, it is equivalent to a claim against the employing governmental entity, in this case Hot Springs County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (affirming district court's dismissal of an official capacity claim as redundant of a claim against the employing governmental entity). "To establish a submissible claim against [Hot Springs County], [Wright] must show a genuine issue for trial about whether an individual official committed a constitutional violation pursuant to an official custom, policy, or practice of the governmental entity." *Montgomery v. City of Ames*, 749 F.3d 689, 694 (8th Cir. 2014). Wright has failed to show a genuine issue for trial as to any named County employee engaging in activity rising to the level of a constitution violation regarding Wright's arrest or incarceration. Furthermore, Wright has failed to show a genuine issue for trial that any employee, in allegedly failing to tend to Wright's medical needs or properly maintaining his cell, acted pursuant to an official custom, policy, or practice of Hot Springs County.

      **C.**     **John Does**

A final scheduling order was entered in this case on April 16, 2015, setting a deadline of June 26, 2015, for motions to amend pleadings or join parties. Wright has not filed any motion to amend to identify the John Does or to otherwise join any additional defendants, and the time for filing such a motion has passed. In any event, we are now less than three weeks from the trial setting for this case, and far more than 120 days have passed since the complaint was filed without these unnamed defendants being served as required by Federal Rule of Civil Procedure 4(m). The Court finds, therefore, that all claims against John Does 1 through 3 should be DISMISSED WITHOUT PREJUDICE.

### III. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' motion for summary judgment (Doc. 10) is GRANTED.

IT IS FURTHER ORDERED that all claims against John Does 1 through 3 are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 5th day of February, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE